Veronica Franta et al., Respondents, v. Bohemian Catholic Central Union of the United States of America, Appellant.

St. Louis Court of Appeals, November 29, 1898.

1. Jurisdiction: RELIGIOUS CEREMONIES: CONSTITUTIONAL QUESTION. Where a judgment sustaining a motion rests solely upon the conclusion reached by the circuit judge that the enforcement of the by-laws of an insurance company would destroy the rights of property by reason of the failure of the insured to perform certain religious ceremonies, which in the opinion of the judge was an infringement of article two (2), section five (5) of the constitution of Missouri, which guarantees to every one religious liberty, this court is not authorized to pass upon the question under the constitution establishing the court of appeals.

2. ———. The jurisdiction of the appeal in the case at bar is in the supreme court.

*Appeal from the St. Louis City Circuit Court.*—Hon. Daniel D. Fisher, Judge.

Transferred to supreme court.

Koehler & Reiss and W. R. Schery for respondents.

The only error assigned by appellant is the action of the circuit court in sustaining the demurrer to part of the amended answer. All other errors, if any, must be deemed waived. Dowling v. Allen, 102 Mo. 213; Rule 18, Court of Appeals, Revised October, 1888. The demurrer was properly sustained. All corporate laws must be reasonable, and must conform to and be consistent with the constitution and laws of the state. *First.* That an unreasonable by-law is void is an elementary proposition. The by-law in question here

is unreasonable. Niblack on Mut. Ben. Societies [Ed. 1888], p. 30, sec. 26; Bacon on Benefit Societies [new Ed. 1894], p. 136, sec. 85; State ex rel. Kennedy v. Union Merch. Ex., 2 Mo. App. 96, 102; Cartan v. Father Mathew United Ben. Soc., 3 Daly (N. Y.), 20; Commonwealth v. St. Patrick's Soc., 2 Binny (Pa.), 441; People ex rel. Schmitt v. St. Franciscus Ben. Soc., 24 How. Pr. 216; Mulroy v. Knights of Honor, 28 Mo. App. 463, 473; Angell & Ames on Corp. [11 Ed.], p. 387, sec. 347. *Second.* The constitution of the state of Missouri provides "that no human authority can control or interfere with the right of conscience; that no person ought by any law to be molested in his person or estate on account of religious persuasion or profession." Const. of Mo., art. 2, sec. 5. The by-law in question exacts the observance of and performance of certain religious duties upon the pain of forfeiture of property interests. This is clearly in violation of the constitutional provision above quoted. It follows that the by-law is void because in derogation of the constitution of the state. Niblack on Mut. Ben. Soc. [Ed. 1888], p. 23, sec. 20; Bacon on Ben. Soc. [new Ed. 1894], p. 135, sec. 84; People ex rel. v. Medical Soc., 24 Barb. (N. Y.) 571, 574; People ex rel. Schmitt v. St. Franciscus Ben. Soc., 24 How. Pr. 216; R. S. 1880, sec. 2831. *Third.* The defendant is a corporation organized, existing and operating under the laws of the state of Missouri relating to fraternal beneficial associations. As such it has only the power to make by-laws for the purposes enumerated in the statutes. The laws of this state applicable to this class of corporations do not authorize the making of by-laws such as the one in question. R. S. 1889, sec. 2831; People ex rel. v. The Medical Soc., 24 Barb. (N. Y.) 571, 574, 575; People ex rel. Schmitt v. St. Franciscus Ben. Soc., 24 How. Pr. 216; Niblack on Mut. Ben.

Soc. [Ed. 1888], p. 53, sec. 44. Defendant is a fraternal beneficial society as distinguished from a mere religious society. Members to whom certificates are issued acquire property rights. Any by-law not necessary to preserve and protect such rights is unreasonable and void. Const. of Mo., art. 2, sec 8; Niblack on Mut. Ben. Soc. [Ed. 1888], p. 30, sec. 26; Bacon on Ben. Soc. [new Ed. 1894], p. 137, sec. 85; Mulroy v. The Knights of Honor, 28 Mo. 463, 471–473; People ex. rel. v. St. Franciscus Ben. Soc., *supra;* Commonwealth v. St. Patrick's Ben. Soc., 2 Binn. (Pa.) 441. The amended answer does not allege that Franta had committed any act which necessitated a "confession." There being no occasion for a "confession" the by-law even though valid, does not constitute defense; hence the demurrer was properly sustained. The law does not ask of any one to do that which is unnecessary; nor will the law presume that Franta had sinned. Matt v. The Roman Cath. Mut. Ben. Soc., 70 Iowa, 455, 458. Where the suspension of a member of a mutual benefit society by his lodge, is without jurisdiction—as where it takes place upon a charge of which the lodge has no jurisdiction to try him—his expulsion is null and void, and, being so, it is not incumbent upon him to take steps to have it reversed in a higher judicatory of the order. Glardon v. Supreme Lodge K. of P., 50 Mo. App. 50, 55; Hoeffner v. Grand Lodge of Harugari, 41 Mo. App. 359, 367; Mulroy v. The Knights of Honor, 28 Mo. App. 463, 474.

DANIEL DILLON and JOHN DILLON for appellant.

That the constitution and laws of organizations such as defendant are binding on its members, is not an open question in this state. Coleman v. Knights of

Honor, 18 Mo. App. 194, 195; Smith v. Knights of Father Mathew, 36 Mo. App. 184; Grand Lodge, etc., v. Sater, 44 Mo. App. 452; Theobald v. Supreme Lodge, 59 Mo. App. 87; State ex rel. v. Grand Lodge, 70 Mo. App. 466 and 467; Ellerbe v. Faust, 119 Mo. 653; Spilman v. Home Circle, 157 Mass. 128. It was claimed that the provisions of the constitution and laws of defendant set up in its answer were void. *First.* Because unreasonable. *Second.* Because in conflict with the constitution of this state, and, *third*, because unauthorized by the statutes of this state. These laws were not unreasonable. The constitution of the society provided that none but Catholics could belong to it. It is then alleged by the laws of the Catholic church all members thereof are required to do certain things. And these laws of the society required its members to do these same things which, as Catholics, they were required to do, and provided for suspension for failure to do as the laws required. The claim that the constitution and laws set up in the answer are unauthorized by the statutes of this state, is not well founded. * * * See secs. 2821, 2822, 2823, and 2831, R. S. 1889. That part of the answer covered by the demurrer contains an allegation that Franta, though having the right to do so, did not appeal from the order suspending him but acquiesced in the same. Even though the suspension of Franta was void, still if he acquiesced in it, he must be regarded as holding the position of a suspended member. Glardon v. Supreme Lodge, etc., 50 Mo. App. 45, 55–58; Miller v. Grand Lodge, 72 Mo. App. 499, 505 and 506. In some cases it is a matter of discussion as to whether or not what the member did or omitted to do showed an acquiescence. But in the answer in this case it is alleged that the suspended member did acquiesce. This allegation if denied would

raise a question of fact to be determined by the proof, but a demurrer to it should not have been sustained.

BIGGS, J.—The defendant is a benevolent society, organized under chapter 42, article 10, of the Revised Statutes of Missouri (1889). The defendant issues to each of its members a certificate of insurance, in which it agrees to pay to the heirs of the member, sixty days after his death, the sum of $1,000, provided the member, at the time of his death, is in good standing in the order. In May, 1888, one Peter Franta, now deceased, became a member of the society, and a certificate was issued on his life, as above provided. Franta died in 1896, and the plaintiffs, who claim to be his heirs, instituted this suit to recover the amount of the benefit certificate.

The answer sets up the special defense that, under the constitution and laws of the society, none but members of the Catholic Church can lawfully become members of the defendant order; that the by-laws further provide that all members are compelled to observe the requirements of the Catholic Church, and a failure in this respect renders the member liable to suspension. The answer then sets forth certain forms, ceremonies and duties which the Catholic Church imposes upon its members, which the defendant averred Franta failed to observe after he had become a member of the defendant, and that by reason of this he had been regularly suspended as such member, and stood so suspended at the time of his death. On motion of the plaintiffs, the circuit court struck out this defense, upon the ground, among other things, that the by-law, pleaded and relied on as the foundation of the alleged suspension, was in conflict with article two (2), section five (5) of the constitution of Missouri. The defendant made no

further defense. There was a judgment for the amount of the certificate, and the defendant has appealed.

The motion to strike out challenges the validity of the by-law upon constitutional grounds. The judgment sustaining the motion rests solely upon the conclusion reached by the circuit judge—that the enforcement of the by-law would destroy rights of property by reason of the failure of Franta to perform certain religious ceremonies, which, in the opinion of the judge, was an infringement of the foregoing section of the constitution, which guarantees to every one religious liberty. We are not authorized, under the constitution establishing this court, to deal with this question. The jurisdiction of the appeal is in the supreme court. The cause will, therefore, be transferred to that court for final disposition.

All concur.